FILED
SUPERIOR COURT
OF GUAM

2014 AUG -7 PM 2: 43

CLERK OF COURT
BY:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| VICTOR C. FERNANDEZ and<br>MARIE A. FERNANDEZ,<br><br>       Plaintiffs,<br><br>  vs.<br><br>LI, XIU YAN, WANG, JUN RONG, and<br>YUN SHING GUAM, INC.,<br><br>       Defendants. | **CIVIL CASE NO. CV0970-13**<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Plaintiffs Victor C. Fernandez and Marie A. Fernandez's motion to compel discovery, filed on April 21, 2014. Briefing concluded on May 30, 2014 and, on June 18, 2014, the Court issued notice that oral argument was not necessary. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On August 14, 2013, Plaintiffs Victor C. Fernandez and Maria A. Fernandez filed a verified complaint against Defendants Xiu Yan Li, Jun Rong Wang, and Yun Shing Guam, Inc. Plaintiffs allege that Defendants breached a lease agreement between them, committed fraud in the inducement, committed actual fraud in failing to renovate the leased premises, and caused property damage to the leased premises. (Verified Compl., 2-4, Aug. 14, 2013).

ORIGINAL

On September 11, 2013, Defendants jointly and individually filed a motion to dismiss. Defendant Xiu Yan Li moved to dismiss the complaint against her on the grounds that the complaint failed to state a contract claim against her upon which relief can be granted. (Mot. Dismiss, 1, Sept. 11, 2013). Defendants Jun Rong Wang and Yung Shing Guam, Inc. moved to dismiss the claims against them for failure to state a claim against them. *Id.* Lastly, Defendants jointly moved to dismiss the case against all of them on the grounds that Plaintiffs did not have a business license during the times relevant to the action. *Id.*

On February 11, 2014, the Court issued a Decision and Order granting Defendants' motion to dismiss with respect to all claims related to the lease agreement and denying Defendants' motion to dismiss with respect to Plaintiffs' claim for property damage. (Dec. & Order, 5-9, Feb. 11, 2014). This Court held that, because Plaintiffs did not have a business license throughout the time of the lease, any and all claims related to the lease could not be maintained by Plaintiffs. *Id.* at 8. However, Plaintiffs' claim for property damage was independent of the lease and withstood the motion to dismiss. *Id.* at 8-9.

On November 26, 2013, Plaintiffs served Defendants Xiu Yan Li and Jun Rong Wang each with the First Set of Interrogatories. (Mot. Compel, Exhibits 2a-2b, Apr. 21, 2014). On January 2, 2014, the parties stipulated to extend the deadline for discovery responses from December 26, 2013 to February 7, 2014. (Stipulation and Order, 1, Jan. 2, 2014). On March 12, 2014, Defendants Li and Wang each provided answers to Plaintiffs' First Set of Interrogatories. (Mot. Compel, Exhibits 3a-3b, Apr. 21, 2014).

On April 21, 2014, Plaintiffs filed a motion to compel discovery. Plaintiffs allege that Defendants collectively failed to provide initial disclosures, Defendants Li and Wang failed to properly respond to multiple interrogatory questions, and Defendant Yun Shing Guam, Inc. completely failed to answer the request for production. (Mot. Compel, 2, Apr. 21, 2014). Plaintiffs assert that the interrogatories at a minimum would tend to lead to relevant discovery, which is all that the requesting party needs to show. *Id.* at 3-4. Additionally, Plaintiffs argue that Defendants cannot object based on their belief that the questions are irrelevant, as their questions are "clearly permissible." *Id.* at 2-3. Thus Plaintiffs request that the Court compel

ORIGINAL

Defendants to submit proper responses to interrogatories and produce requested discovery and sanction Defendants for their failure to comply with discovery, in the form of reasonable attorney's fees and costs. *Id.* at 6.

On May 19, 2014, Defendants filed an opposition. Defendants first note that this Court dismissed Plaintiffs' fraud claim and all claims related to the purported lease agreement. (Opp'n Mot., 1-2, May 19, 2014). Defendant Yun Shing Guam, Inc. claims that it submitted its response to Plaintiffs' First Request for Production of Documents, wherein it either informed Plaintiffs that it did not have the requested document or provided the specific basis for not providing the document. *Id.* at 2. Defendants Li and Wang assert that their objections to interrogatories were made with sufficient specificity on the basis of relevance. *Id.* at 3. They claim that Plaintiffs' interrogatories included several questions related to Plaintiffs' fraud claim as well as claims related to the purported lease agreement. *Id.* Defendants Li and Wang argue that, because the Court dismissed Plaintiffs' fraud claim and those claims related to the purported lease agreement, Defendants need not answer the interrogatories relating to those claims. *Id.* Defendants Li and Wang contend that Plaintiffs "should have been well aware of the specific basis for Defendants' objections." *Id.*

On May 30, 2014, Plaintiffs filed a reply, arguing that Defendants failed to comply with the Local Rules of the Superior Court of Guam when they did not provide timely responses to interrogatories. (Reply, 2, May 30, 2014). Plaintiffs assert that the interrogatories were the kind of questions that could lead to admissible discovery. *Id.*

## DISCUSSION

### I. Interrogatories and Production of Documents

Under Rule 33 of the Guam Rules of Civil Procedure (hereinafter "GRCP"), "any party may serve upon any other party written interrogatories . . . to be answered by the party served." Guam R. Civ. P. 33(a) (2010). The scope of permissible interrogatories are governed by Rule 26(b)(1), which provides:

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Relevant information need not be admissible at the trial if the discovery appears *reasonably calculated* to lead to the

ORIGINAL

discovery of admissible evidence. Guam R. Civ. P. 26(b)(1) (2010) (emphasis added).

The party upon whom interrogatories are served is required to serve answers and objections within 30 days of the date the interrogatories were served, or at a different time agreed upon in writing by the parties. Guam R. Civ. P. 33(b) (3) (2010). Rule 33 also mandates that any objections to interrogatories "shall be stated with specificity." Guam R. Civ. P. 33(b) (4) (2010). When answering an interrogatory, "[a]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Guam R. Civ. P. 37(a) (3) (2010).

Similar to the rules regarding written interrogatories, Rule 34 of the GRCP governs the production of documents. Guam R. Civ. P. 34(a)(1) (2010). Under Rule 34, "[a]ny party may serve on any other party a request to produce and permit the party making the request any designated documents." *Id*. When a party receives a request to produce a document, that party is required to provide the requesting party with a written response within 30 days of service, or at a time agreed upon in writing by the parties. Guam R. Civ. P. 34(b) (2010).

In this case, Plaintiffs served their First Request for Interrogatories on Defendants Xiu Yan Li and Jung Rong Wang on November 26, 2013. (Mot. Compel, Ex. 2a-2b, Apr. 21, 2014). As permitted by Rule 33, the parties agreed in writing to move the deadline for answers to the interrogatories from December 26, 2013 to February 7, 2014. (Stipulation and Order, 1, Jan. 2, 2014). Plaintiffs also served Defendant Yun Shing Guam, Inc. with a First Request for Production of Documents on November 26, 2013. (Mot. Compel, Ex. 1, Apr. 21, 2014). Defendants Li and Wang each returned answers to the interrogatories to Plaintiffs on March 12, 2014, about five weeks after the agreed upon deadline. *Id.* at Ex. 3a-3b. The Court was not provided with evidence of Defendant Yun Shing Guam Inc.'s submission of a response to Plaintiffs' First Request for Production of Documents.

II. **Motion to Compel: Interrogatories**

Citing GRCP Rule 37, Plaintiffs move this Court to compel Defendants Li and Wang to answer the interrogatories. (Mot. Compel, 6, Apr. 21, 2014).

Under Guam law, Rule 37 of the GRCP governs actions a discovering party may take due to the respondent party's failure to disclose or to cooperate in the discovery process. "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Guam R. Civ. P. 37(a)(3) (2010). Rule 37 of the GRCP provides, in pertinent part, as follows:

> if a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit an inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Guam R. Civ. P. 37(a)(2)(B) (2010).

Furthermore, the moving party must inform the Court "which discovery requests are the subject of [the] motion to compel, and, for each disputed response, inform the [c]ourt why the information sought is relevant and why [the opposing party's] objections are not justified." *United States v. Baisden*, 881 F.Supp.2d 1203, 1205 (E.D. Cal. 2012) (citations omitted).[1] This is in line with the Supreme Court of Guam's view that in order for a court to conduct a meaningful review, "the parties must articulate their arguments in a way that allows a court to apply the recognized rules of law." *Lamb v. Hoffman*, 2008 Guam 2 ¶ 35. "It is not sufficient for a party 'simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Id.* (citations omitted).

Thus the Court shall first consider whether Plaintiffs have met their burden to: (1) confer or attempt to confer in good faith with Defendants in an effort to secure the information or material without court action; and (2) inform the Court why the information sought is relevant and why the opposing party's objections are not justified for each disputed response. *Baisden*,

---

[1] Because Rule 37(a)(2)(B) of the GRCP is nearly identical to Rule 37(a)(3)(B) of the Federal Rule of Civil Procedure, Plaintiffs' motion will be analyzed with reference to pertinent federal case law, which is considered instructive in this context. *See Sananap v. Cyfred, Ltd.*, 2011 Guam 21 ¶ 24 n. 13; *Pelowski v. Taitano*, 2000 Guam 34 ¶ 12.

ORIGINAL

881 F.Supp.2d at 1205; Guam R. Civ. P. 37(a)(2)(B) (2010). If the Plaintiffs have met their burden, the Court shall consider the adequacy of Defendants' objections and the merit of Plaintiffs' motion.

In this case, Defendants Li and Wang each objected to fifteen (15) of Plaintiffs' thirty-seven (37) interrogatories on the basis of relevance by answering as follows: "Objection: Irrelevant." (Opp'n Mot., 3, May 19, 2014); (Mot. Compel, Ex. 3a-3b, Apr. 21, 2014). Plaintiffs have satisfied the first prong of their burden by attempting to resolve the issue without the Court's intervention by writing to Defendants regarding the outstanding discovery requests. (Mot. Compel, Ex. 4, Apr. 21, 2014).

In regard to the second prong of Plaintiffs' burden, Plaintiffs assert that the objected interrogatories will help them with their case, but fail to explain why a majority of the information sought is relevant. (Mot. Compel, 2-3, Apr. 21, 2014). Plaintiffs attempt to explain the relevance of Interrogatory No. 9, which asks: "Did you charge or did anyone whether real or legal charge anyone who was allowed to stay, use, or otherwise occupy the Premises?" *Id.* at 3-4. Although part of Plaintiffs' explanation of this question's relevance pertains to a previously dismissed fraud claim, Plaintiffs also posit that the question will help show whether the Defendants are responsible for the behavior of the tenants, which may relate to the alleged property damage claim. *Id.*

The Court finds that Defendant's answer to this interrogatory and interrogatories related to this question (#9, 9a, 10, and 11) are incomplete and are a failure to respond, because Plaintiff has sufficiently explained the relevance of those questions. Therefore, the Court grants Plaintiffs' request as to these four interrogatories and compels Defendants to answer Interrogatories No. 9, 9a, 10, and 11. With respect to the remaining objected interrogatories, the Court notes that Defendants Li and Wang's objections lack sufficient detail. More importantly though, Plaintiffs have not met their burden for the remaining objected interrogatories to inform the Court why the information sought is relevant and why the opposing party's objections are not justified. *Baisden*, 881 F.Supp.2d at 1205. Thus, the Court will not grant Plaintiffs' motion to compel as to the other interrogatories.

ORIGINAL

### III. Motion to Compel: Production of Documents

Citing GRCP Rule 37, Plaintiffs also move this Court to compel Defendant Yun Shing Guam, Inc. to produce requested documents. (Mot. Compel, 6, Apr. 21, 2014). Plaintiffs assert that Defendant Yun Shing Guam, Inc. completely ignored their request. *Id.* at 2. Defendants claim that Defendant Yun Shing Guam, Inc. submitted its response to Plaintiffs' First Request for Production of Documents on March 12, 2014. (Opp'n Mot., 2, May 19, 2014).

As recited above, when a party receives a request to produce a document, that party is required to serve the requesting party with a written response within 30 days of service, or at a time agreed upon in writing by the parties. Guam R. Civ. P. 34(b) (2010).

In this case, Defendant Yun Shing Guam, Inc. failed to adequately demonstrate that they met their burden by serving Plaintiffs with a written response. Thus the Court hereby orders Defendant Yun Shing Guam, Inc. to serve Plaintiffs with a written response to Plaintiffs' First Request for Production of Documents within 10 days of the issuance of this Decision and Order.

### IV. Sanctions

Plaintiffs request sanctions against Defendants for failing to comply with discovery requests. (Mot. Compel, 6, Apr. 21, 2014). Rule 37 of the GRCP provides as follows:

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion is filed, the court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Guam R. Civ. P. 37(a)(4)(A) (2010).

The "substantially justified" factor has been satisfied when there is a "genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *See Lee v. Walters*, 172 F.R.D. 421, 425 (D. Or. 1997) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

In this case, prior to filing their motion to compel, Plaintiffs attempted to resolve their


ORIGINAL

discovery issues with all Defendants without this Court's involvement. (Mot. Compel, Ex. 4, Apr. 21, 2014). The Court finds that Defendant Li and Wang's objections to Plaintiffs' interrogatories are outside of the scope of sanctions mandated by GRCP Rule 37 because their objections, within the scope of relevance, were related to claims dismissed in the Court's Decision and Order issued on February 11, 2014. The Court reasons that their objections were substantially justified because a reasonable person could find that interrogatories that solicit answers relating to already dismissed claims are irrelevant. *Lee v. Walters*, 172 F.R.D. at 425.

The Court finds no justification for Defendant Yun Shing Guam, Inc.'s failure to serve Plaintiffs a response to Plaintiffs' First Request for Production of Documents. Therefore, Defendant Yun Shing Guam, Inc. and its attorney must both pay Plaintiffs, in equal shares, the reasonable expenses incurred in making this motion, including attorney's fees. Guam R. Civ. P. 37(a)(4)(A) (2010). Plaintiffs shall submit to the Court an itemization of its expenses, including attorney's fees, incurred in making the present motion, and the Court shall apportion the reasonable expenses incurred in relation to the motion in a just manner pursuant to Rule 37(a)(4)(C).

## V.     Leave to Amend

Under Guam law, leave to amend a party's pleadings shall be freely given when justice so requires. Guam R. Civ. P. 15(a) (2010). It is the moving party's burden to inform the court of the grounds that justify leave to amend. *Williams v. Thornton*, 2010 WL 2605210, *2 (E.D. Cal. 2010). Furthermore, "the Court will not grant leave to amend in the absence of some demonstration that 'justice so requires' that the Court grant leave to amend." *Id.*

In this case, Plaintiffs request that the period to amend the complaint be continued for thirty days after the requested discovery is provided to them. (Reply, 3-4, May 30, 2014). They assert that "discovery facilitates the need to amend pleadings, file motions, or provide a proper prosecution of a case." *Id.* at 3. The Court agrees that the discovery process is an essential component of the adversarial system. However, it finds that this general assertion fails to demonstrate why justice so requires that the Court grant leave to amend to Plaintiffs in this case. *Williams*, 2010 WL 2605210, *2. For this reason, Plaintiffs' request for leave to amend is

denied.

///

///

///

## CONCLUSION

Based on the foregoing, Plaintiffs' motion to compel discovery is hereby GRANTED in part. The Court orders Defendants Xiu Yan Li and Jung Rong Wang to answer Plaintiffs' interrogatories No. 9, 9a, 10, and 11. The Court also orders Defendant Yun Shing Guam, Inc. to serve Plaintiffs with a response to Plaintiffs' First Request for Production of Documents within 10 days of the issuance of this Decision and Order. Plaintiffs shall submit to the Court an itemization of its expenses, including attorney's fees, incurred in making the present motion by August 21, 2014.

This matter is set for further proceedings on August 27, 2014 at 9:00 a.m.

**SO ORDERED** this _____7TH_____ day of August, 2014.

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

ORIGINAL

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
William Pole
Phil Torres
Date: 8/7/14 Time: 3:00 pm

Deputy Clerk, Superior Court of Guam